FILED
CLERK, U.S. DISTRICT COURT
9/30/22
CENTRAL DISTRICT OF CALIFORNIA
BY: cs         DEPUTY

FILED & ENTERED

SEP 03 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY kaaumoan DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

CV22-7095-DMG

In re:

PH DIP, Inc

                                    Debtor(s).

Yu Zheng

                                    Plaintiff(s),
    v.

James Wong

                                    Defendant(s).

CHAPTER 11

Case No.: 2:18-bk-15972-WB
Adv No:  2:20-ap-01691-WB

**REPORT AND RECOMMENDATION OF THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE, TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, CONTAINING PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND PROPOSED ORDER DENYING PLAINTIFF YU ZHENG'S MOTION TO RECONSIDER THE COURT'S ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

Date:        June 22, 2021
Time:        2:00 PM
Courtroom: 1375

This Report and Recommendation is submitted by the undersigned Judge of the United States Bankruptcy Court for the Central District of California (the "Court") to the United States

-1-

1 District Court for the Central District of California (the "District Court") pursuant to 28 U.S.C. §
2 157(c)(1) and Federal Rule of Bankruptcy Procedure[1] 9033, based upon the Court's
3 determination that the Court lacks constitutional authority to enter a final judgment with respect
4 to the matters addressed herein.
5      For the reasons set forth below, the Court recommends that the District Court adopt the
6 proposed findings of fact and conclusions of law and enter an order denying Plaintiff Yu Zheng's
7 Motion to Reconsider the Court's Order Granting Defendants' Motion to Dismiss Without Leave
8 to Amend.

### Findings of Fact

     On May 24, 2018, Plaintiff Yu Zheng ("Plaintiff") filed for Chapter 11 bankruptcy on behalf of PH DIP, Inc.[2] ("Debtor"). Plaintiff was the Chief Executive Officer and the sole shareholder of Debtor.

     James Wong ("Wong") is the principal of Armory Consulting Co. ("Armory," together "Wong" and "Armory" shall be referred to as "Defendants"). Armory was employed to act as Debtor's financial advisor, but it ceased to act as Debtor's financial advisor, effective July 11, 2018, and Wong was appointed Chief Restructuring Officer ("CRO"), effective as of July 12, 2018. See Order Granting on a Final Basis Emergency Motion for Order Authorizing Debtor to Retain and Employ James Wong as Chief Restructuring Officer Under 11 U.S.C. §§ 105(a), 363(b), 1107 and 1108 (the "CRO Order") (Bkr. Dkt. No. 145).

     On October 3, 2018, this Court approved a sale of substantially all of Debtor's assets (the "Sale Order") (Bkr. Dkt. No. 212). Among the sold assets were Debtor's business premises and servers.

     On August 19, 2020, this Court confirmed Debtor's Third Amended Plan (the "Confirmed Plan"). (Bkr. Dkt. No. 568). The Confirmed Plan established a liquidating trust and

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, all "Civil Rule" references are to the Federal Rules of Civil Procedure, all "LBR" references are to the Local Bankruptcy Rules for the Central District of California, and all "Local Civil Rule" references are to the Local Civil Rules of the United States District Court for the Central District of California.

[2] PH DIP, Inc. changed its name from Playhut, Inc. See Order Granting Motion for Order Authorizing Change in Case Caption, entered on December 3, 2018. (Bkr. Dkt. No. 266).

appointed Wong as the liquidating trustee. The Confirmed Plan also enjoined parties from proceeding with any action against the bankruptcy estate, the liquidating trust, the liquidating trustee, or their respective successors or assets (the "Plan Injunction").

On November 20, 2020, Plaintiff filed a complaint (the "Complaint") against Defendants in Los Angeles County Superior Court, Case No.20PSCV00818. On December 17, 2020, Wong removed the Complaint to this Court, initiating adversary proceeding 20-ap-01691. (Adv. Dkt. No. 1). The Complaint seeks damages for negligence, intentional interference with a contract, intentional interference with prospective economic advantage, negligent interference with prospective business advantage, and conversion. Plaintiff alleged that in 2018, he planned to sell about $2.2 million worth of his artwork to a third party. Compl. ¶12-13. Plaintiff alleged that he informed Defendants of the purchase and directed Defendants to gather and ship the artwork stored at Debtor's premises, but that Defendants failed to comply. Id. Thus, the artwork was not shipped, and the purchase fell through. Id. Plaintiff alleged that in addition to the lost sales revenue, he lost a potentially valuable business relationship with the purchaser, a developer of hotels. Id. at ¶14. Plaintiff alleged that he asked Defendants to release Plaintiff's artwork stored at Debtor's premises and move the artwork to another location across the street, but that Defendants failed to do so until "the end of 2018." Id. at ¶15-16. Plaintiff alleged that Defendants improperly handled the artwork, causing damage to some of the work. Id. at ¶16.

Further, Plaintiff alleged that Defendants shut down Debtor's servers without authority, causing Plaintiff to lose personal design files, accounting files, business contacts, suppliers, customers, email accounts, and other critical information. Compl. ¶17. Plaintiff claims the loss of his email caused a loss of contact lists, e-mail correspondence, attached files, and other contact management data, thereby crippling Plaintiff's ability to utilize his prior contacts. Compl. ¶18.

On January 20, 2021, Defendants moved to dismiss Plaintiff's Complaint for failure to state a claim ("Motion to Dismiss") (Adv. Dkt. No. 8) on the grounds that Plaintiff's claims fail as a matter of law because (1) Defendants are entitled to quasi-judicial immunity – Wong's acts were within the scope of his authority as CRO and (2) the Complaint is barred by the Plan

Injunction. The opposition to the Motion to Dismiss was due February 23, 2021.

However, instead of filing an opposition, Plaintiff's former counsel filed an emergency motion to withdraw as counsel (Adv. Dkt. No. 13) on February 24, 2021, which Plaintiff himself opposed (Adv. Dkt. No. 16). At the hearing held on March 2, 2021, the Court granted the emergency motion to withdraw and continued the hearing on the Motion to Dismiss to April 20, 2021 (Adv. Dkt. No. 17).

Plaintiff's deadline to respond to the Motion to Dismiss was extended to April 6, 2021. Plaintiff obtained new counsel. <u>See</u> Substitution of Attorney filed on April 6, 2021 (Adv. Dkt. No. 18). Notwithstanding the extended deadline, instead of filing a response to the Motion to Dismiss, Plaintiff filed a first amended complaint (the "FAC") (Adv. Dkt. No.19) on April 6, 2021, and the next day, he filed a notice of filing of the FAC as a late response to Defendants' Motion to Dismiss. (Adv. Dkt. No. 21). On April 13, 2021, Defendants filed a Reply and moved to strike Plaintiff's response to Defendants' Motion to Dismiss. (Adv. Dkt. No. 22). A few days later, on April 15, 2021, Plaintiff filed a motion for leave to file the previously docketed first amended complaint ("Motion to Amend"). (Adv. Dkt. No. 23).

After considering the Motion to Dismiss, the Motion to Amend, all the pleadings filed therewith, and oral arguments, on May 15, 2021, the Court entered two orders: 1) Order Granting Plaintiff's Motion tor Leave to File the Previously Docketed First Amended Complaint and ordered that the Plaintiff's FAC be treated as the operative complaint (Adv. Dkt. No. 30), and 2) Order Granting Defendants' Motion to Dismiss (the "Dismissal Order") with leave to amend as to Wong but without leave to amend as to Armory on the basis that Plaintiff had failed to state a claim against Armory (Adv. Dkt. No. 31).

On May 22, 2021, Plaintiff filed the instant Motion to Reconsider the Court's Order Granting Defendants' Motion to Dismiss Without Leave to Amend (the "Motion") (Adv. Dkt. No. 34), arguing that reconsideration of the Dismissal Order without leave as to Armory is appropriate under both Civil Rule 59(e) and 60(b). Plaintiff argues that his counsel was surprised that the Court found that Plaintiff did not allege sufficient facts against Armory because Defendants' Motion to Dismiss did not argue this, the Court committed clear error and it

1 was manifestly unjust and violated due process when the Court *sua sponte* dismissed Armory
2 without providing Plaintiff notice and opportunity to submit a written memorandum, and,
3 dismissal of Armory without leave to amend was clear error because there was a reasonable
4 possibility of curing that defect with an amendment by alleging that Armory is vicariously liable
5 for the acts of Wong.

6       Defendants opposed the Motion (Adv. Dkt. No. 36) and argued that the Motion should be
7 denied as it requested dismissal of Armory in its Motion to Dismiss and in its opposition to
8 Plaintiff's Motion to Amend, Plaintiff was afforded due process because he was able to make his
9 arguments in his reply to Defendants' opposition to the Motion to Amend, the Court considered
10 the Motion to Dismiss and the Motion to Amend together, and the Court gave the parties the
11 opportunity to address the dismissal of Armory at the hearing on the motions. Defendants assert
12 amendment is futile because the CRO Order explicitly appointed Wong as the CRO, not Armory,
13 so Wong's actions as the CRO did not arise from his capacity as an employee of Armory, and
14 therefore Armory cannot be vicariously liable for Wong's conduct.

15       Plaintiff filed a reply (Adv. Dkt. No. 40). Plaintiff argues that Defendants wrongly
16 conflate the arguments set forth in the pleadings with respect to the Motion to Dismiss with
17 Plaintiff's Motion to Amend.

## Conclusions of Law

19       The Court has jurisdiction over the complaint pursuant to 28 U.S.C. §§ 157(b)(1) and
20 1334(a) and (b). However, the Court is without authority to enter a final judgment without
21 consent of the parties pursuant to Stern v. Marshall, 564 U.S. 462 (2011). No party raised the
22 issue of the Court's authority to enter an order dismissing the complaint until this Motion was
23 filed.

**A. Motion To Reconsider Under Bankruptcy Rules 9023 And 9024, Civil Rules 59 And 60, And LBR 9013-4**

26       The Bankruptcy Rules and Civil Rules do not recognize a motion for reconsideration.
27 Captain Blythers, Inc. v. Thompson (In re Captain Blythers, Inc.), 311 B.R. 530, 539 (B.A.P. 9th
28 Cir. 2004). Instead, the rules allow a party to file either a motion to amend a judgment pursuant

1  to Bankruptcy Rule 9023 or a motion for relief from judgment or order pursuant to Bankruptcy

2  Rule 9024.  Id.  These rules respectively make Civil Rules 59 and 60 applicable in bankruptcy

3  cases.

4  Which rule applies depends on the time the motion is filed and served.  Id.  If a motion

5  for reconsideration is filed within 14 days[3] of the entry of judgment or order, the motion "is

6  treated as a motion to alter or amend judgment under [Civil Rule] 59(e)." Am. Ironworks &

7  Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898 (9th Cir. 2001) (citing United States v.

8  Nutri-Cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992)).  Civil Rule 59(a) provides the court may

9  grant a new trial "for any reason for which a rehearing has heretofore been granted in a suit in

10 equity in federal court."  Civil Rule 59(a)(1)(B).  Under Civil Rule 59, reconsideration is

11 appropriate when (1) the court is presented with newly discovered evidence; (2) the court

12 committed clear error or the initial decision was manifestly unjust; or (3) there is an intervening

13 change in controlling law. Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

14 A party may not use a motion to reconsider as a vehicle "to present a new legal theory for the

15 first time," "to raise legal arguments which could have been raised in connection with the

16 original motion," or "to rehash the same arguments presented the first time or simply express the

17 opinion that the court was wrong."  Wall St. Plaza, LLC v. JSJF Corp. (In re JSJF Corp.), 344

18 B.R. 94, 103 (B.A.P. 9th Cir. 2006) (citing In re Armstrong Store Fixtures Corp., 139 B.R. 347,

19 349-50 (Bankr. W.D. Pa. 1992)), aff'd and remanded, 2008 U.S. App. LEXIS 10320 (9th Cir.,

20 May 7, 2008). "The standard for granting a motion to reconsider is strict in order to preclude

21 repetitive arguments that have already been fully considered by the court." Id.

22 Where the period for filing a motion under Civil Rule 59 has expired, a motion for

23 reconsideration may be construed as a motion for relief from an order or judgment under Civil

24 Rule 60(b), Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 899 (9th Cir.

25 2001), but it must be made within a reasonable time – no more than one year after entry of the

26 judgment or order.  Civil Rule 60(c).  Subsection (b)(1) provides that the court may relieve a

27

28
---
[3] Bankruptcy Rule 9023 was amended in 2009 to extend the time period for a motion to alter or amend judgment from 10 days to 14 days. See Bankruptcy Rule 9023.

1  party from an order for "mistake, inadvertence, surprise, or excusable neglect."

2  Plaintiff, as the moving party, has the burden to show he is entitled to relief under Civil
3  Rule 59 or 60.  See, e.g., Weinstein v. Lewis, 34 F.3d 1075 (9th Cir. 1994) (citing Cassidy v.
4  Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988)); Teamsters Local 617 Pension & Welfare Funds
5  v. Apollo Grp., Inc., 282 F.R.D. 216, 220 (D. Ariz. 2012); In re Tyrone F. Conner Corp., 140
6  B.R. 771, 784 (Bankr. E.D. Cal. 1992).

7  Moreover, LBR 9013-4(a) sets forth grounds for a new hearing in contested matters or
8  amendment of judgment pursuant to Bankruptcy Rule 9023, including reconsideration upon
9  showing a "surprise that could not have been guarded against by the exercise of ordinary
10 prudence."  LBR 9013-4(a)(4).

11 In this case, Plaintiff filed the Motion within 14 days of the Dismissal Order, so it will be
12 construed as a request under Civil Rule 59.

**B. Plaintiff Has Not Met His Burden To Obtain Relief From Dismissal Order.**

*1.  Civil Rule 59*

Plaintiff contends the Court *sua sponte* dismissed Armory without leave to amend on the basis that the Complaint did not allege facts against Armory and there was no reasonable possibility of curing the defect, and he also contends the Court failed to provide Plaintiff with an opportunity to be heard, which is required for due process.  He asserts that under Civil Rule 59 the Court committed clear error and it was manifestly unjust for the Court to *sua sponte* issue the Dismissal Order with respect to Armory because although Defendants' Motion to Dismiss asked the Court to dismiss claims against both Defendants, the Motion to Dismiss did not argue that there were insufficient facts alleged in the Complaint against Armory, and that the Court should have allowed Plaintiff to amend and allege that Armory is vicariously liable for the torts of Wong, as evidenced by Wong's email signature.  Plaintiff further asserts that although Defendants' opposition to Plaintiff's Motion to Amend did make this argument when it stated "There Are No Claims Asserted Against Armory" and "[a]apparently, Armory is named as a defendant in this action because Mr. Wong is the principal of Armory," (opposition to Plaintiff's Motion to Amend at Adv. Dkt No. 26, p. 15), this argument was newly-made and prohibited by

1    Civil Rule 12(g)(2) and LBR 9013-1(g)(4).
2        Civil Rule 12(g)(2), made applicable to the Bankruptcy Court by Bankruptcy Rule 7012, states that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  Civil Rule 12(g)(2).  Civil Rule 12(h)(2) states that "[f]ailure to state a claim upon which relief can be granted…may be raised: (A) *in any pleading allowed* or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial."  Civil Rule 12(h)(2)(emphasis added).  Although Civil Rule 7(a) does not explicitly contemplate an opposition to a motion to amend, the Ninth Circuit interprets Civil Rule 12(h)(2) beyond the "three procedural avenues" specified in the rule.  See Pepper v. Apple Inc. (In re Apple iPhone Antitrust Litig.), 846 F.3d 313, 318 (9th Cir 2017) ("We read Rule 12(g)(2) in light of the general policy of the Federal Rules of Civil Procedure, expressed in Rule 1. That rule directs that the Federal Rules 'be construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding.' . . . relegating defendants to the three procedural avenues specified in Rule 12(h)(2) can produce unnecessary and costly delays, contrary to the direction of Rule 1.").  LBR 9013-1(g)(4) provides that "[n]ew arguments or matters raised for the first time in reply documents will not be considered."

    Here, the Court did not *sua sponte* dismiss Armory without leave to amend as the Court considered both the Motion to Dismiss and the Motion to Amend together and issued the Dismissal Order after consideration of all the pleadings. The dismissal was not *sua sponte* because, as correctly pointed out by Plaintiff, Defendants made this argument in their opposition to Plaintiff's Motion to Amend. (Adv. Dkt. No. 26, p. 15).   Defendants' opposition was a responsive pleading rather than a motion, so Civil Rule 12(g)(2) was not violated, and pursuant to Civil Rule 12(h)(2), Defendants may raise their argument of failure to state a claim in their opposition.  Plaintiff incorrectly cites Civil Rule 12(g)(2) and LBR 9013-1(g)(4) to suggest that Defendants cannot raise an argument for failure to state a claim in their opposition to Plaintiff's Motion to Amend that was not brought in their Motion to Dismiss.  Civil Rule 12(g)(2) itself explicitly excepts defenses made under Civil Rule 12(h)(2), which provides that failure to state a

1  claim may be raised in any pleading.  Because the Court considered and relied on the Motion to
2  Dismiss and the Motion to Amend together, Plaintiff had an opportunity to respond and be heard,
3  and the dismissal was not *sua sponte*.
4      After review of the record and based on the above, the Court concludes that there was no
5  clear error in the ruling for the Motion to Dismiss, due process was not violated, and the
6  Dismissal Order did not result in manifest injustice. Therefore, Plaintiff's request for
7  reconsideration under Civil Rule 59 is denied.
8      2.  *LBR 9013-4*
9      Plaintiff cites to LBR 9013-4 without any argument or analysis.
10     Here, as shown above, there was no "surprise that could not have been guarded against
11 by the exercise of ordinary prudence," LBR 9013-4(a)(4), as Defendants' opposition to the
12 Plaintiff's Motion to Amend argued that Armory should be dismissed and the Court considered
13 the pleadings in relation to the Motion to Amend together with the Motion to Dismiss.
14     Therefore, Plaintiff's request for reconsideration under LBR 9013-4 is denied.
15     3.  *Local Civil Rule 7-18*
16     Plaintiff also cites to the District Court's Local Civil Rule 7-18 without any argument or
17 analysis.
18     Local Civil Rule 7-18 provides that a motion for reconsideration may be made on the
19 following grounds: (1) a material difference in fact or law that in the exercise of reasonable
20 diligence could not have been known at the time of such decision; (2) new material facts or a
21 change of law occurring after the time of such decision; or (3) a manifest showing of the court's
22 failure to consider material facts.
23     Here, Local Civil Rule 7-18 is not applicable as the LBRs apply to the bankruptcy court,
24 and there are specific rules covering Plaintiff's motion for reconsideration under Civil Rules 59
25 and 60 and LBR 9013-4.[4]

---

[4] LBR 1001-1(b)(2) provides "[t]he Local Bankruptcy Rules apply to all bankruptcy cases and proceedings (including all cases removed pursuant to 28 U.S.C. § 1452 or 15 U.S.C. § 78eee) pending in the United States Bankruptcy Court for the Central District of California.
LBR 1001-(e)(1) states "[a] matter not specifically covered by these Local Bankruptcy Rules may be determined, if possible, by parallel or analogy to the F.R.Civ.P., the FRBP, or the Local Civil Rules."

   *4. Futility*

   A request for leave to amend may be denied based upon a showing that the amendment would be futile. Hooper v. Shinn, 985 F.3d 594, 622 (9th Cir. 2021) (citing Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995)). Dismissal without leave to amend is proper where it is "clear...that the complaint could not be saved by any amendment." United States v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir. 2011).

   Here, the complaint cannot be saved by any amendment because Armory was terminated as financial advisor as of July 11, 2018, and its involvement in the case was terminated by the time of the alleged tortious conduct as the FAC alleges that Defendants tortious conduct occurred between September and November 2018. See FAC ¶¶20-27. First, pursuant to the CRO Order, Wong was retained as CRO in his individual capacity, not as an employee of Armory. As such, Wong could not have been directly or indirectly serving his employer. Wong's authority as CRO was originated solely from the Court, not in any capacity from Armory. Furthermore, Armory was terminated as financial advisor before the acts at issue. The CRO Order,[5] which clearly stated on its face that "Armory Consulting Co., has ceased to act as Debtor's financial advisor effective as of July 11, 2018." CRO Order, p. 2. According to the Complaint, the alleged misconduct occurred "[a]t the end of 2018," Compl. ¶16, and "[n]ear the end of 2018." Compl. ¶17. Similarly, according to the FAC, the alleged misconduct occurred "[i]n or about September/October 2018," FAC ¶27, October 2018, FAC ¶21-25, and in November 2018. FAC ¶20. The CRO Order clearly shows that Armory's involvement ended on July 11, 2018 and Armory was not involved at the time of the allegations – at the earliest in September 2018 – as set forth in the Complaint and FAC.

   In addition, Plaintiff's argument that Wong's email signature stated "Armory Consulting Co." creates liability is unavailing in light of the CRO Order terminating Armory's involvement. Armory could not have engaged in the alleged tortious conduct, given that as financial advisor it

---

[5] The Court can take judicial notice of its own records. Federal Rules of Evidence 201; United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); In re Blumer, 95 B.R. 143, 146 (B.A.P. 9th Cir. 1988); see also, Process Am., Inc. v. Cynergy Holdings, LLC (In re Process A., Inc.), 588 B.R. 82, 92 (Bankr. C.D. Cal. 2018) ("under Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'").

-10-

never had authority to administer the bankruptcy estate and it had no involvement after July 11, 2018. The Court did not commit a clear error by finding that Armory is not liable for Wong's conduct.

Although an employer can be held liable for the torts of an employee that are within the scope of employment, e.g., Lisa M. v. Henry Mayo Newhall Mem'l Hosp., 12 Cal. 4th 291, 296-97 (1995), Wong's role as CRO did not arise from his employment with Armory.

In sum, dismissing Armory without leave to amend was appropriate because amendment would be futile.

Based on the forgoing, Plaintiff has not met his burden to show the Dismissal Order should be reconsidered.

The Court recommends that the District Court adopt all the findings of fact and conclusions of law set forth herein, and enter an order denying Plaintiff Yu Zheng's Motion to Reconsider the Court's Order Granting Defendants' Motion to Dismiss Without Leave to Amend.

###

Date: September 3, 2021

Julia W. Brand
Julia W. Brand
United States Bankruptcy Judge